# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

JEFFREY LAMAR ACREE            :
                               :
    Petitioner,           :
                               :
v.                             :    7:03-CR-20 (HL)
                               :
UNITED STATES OF AMERICA,      :
                               :
    Respondent.           :
                               :
                               :

## ORDER

Before the Court is Petitioner's Motion to Compel (Doc. 26). In it, he asks the Court to compel the Government to file a Motion for a Reduction in Sentence under Section 5K1.1 of the United States Sentencing Guidelines or Rule 35 of the Federal Rules of Criminal Procedure. He claims that he provided assistance prior to and after his sentencing, and that he assisted the Government in obtaining an indictment against an individual named Tony Branch in return for the Government's promise to file a motion to reduce his sentence.

The decision to file a motion for downward departure lies within the sound discretion of the Government. United States v. Alvarez, 115 F.3d 839, 841 (11th Cir. 1997). In the absence of a motion by the Government, the Court has no authority to reduce a defendant's sentence under Rule 35. United States v. Howard, 902 F.2d 894, 897 (11th Cir. 1990) (holding that "[b]oth section 5K1.1 and Rule 35(b) require

a motion by the government before the court can reduce a sentence").

Because Rule 35 gives the Government a power, not a duty, to file a substantial assistance motion, a district court has limited authority in controlling the filing of such motions.  See Wade v. United States, 504 U.S. 181, 112 S. Ct. 1840 (1992).  The Supreme Court of the United States has held that "federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive."  Id. at 185-86, 112 S. Ct. at 1843-44.  The Court has also held that a defendant may "be entitled to relief if the prosecutor's refusal to move was not rationally related to any legitimate Government end."  Id. at 186, 112 S. Ct. at 1844.  Some courts have held that review of a prosecutor's refusal to file a substantial assistance motion may be had where the prosecutor refuses to file such a motion, even despite overwhelming evidence that the defendant has provided substantial assistance.  See, e.g. United States v. Kuntz, 908 F.2d 655, 657 (10th Cir. 1990).  And, of course, review may be obtained in those circumstances where the Government has failed to carry through on a promise that induced a defendant to enter into a plea agreement.  Santobello v. New York, 404 U.S. 257, 262, 92 S. Ct. 495, 499 (1971).

The Court therefore orders the Government to respond to Petitioner's Motion by identifying the basis for any possible reduction in sentence and the reasons the Government has refused to file a motion in his case.  The Government should also

address whether any promise was made to file a motion for reduction in sentence in return for Petitioner's plea of guilty. The Government's Response must be filed on or before February 19, 2008.

SO ORDERED, this the 22nd day of January, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

tch